In the Matter of PETER G. SMITH, a Suspended Attorney, Resignor.

Second Department, April 13, 1992

### APPEARANCES OF COUNSEL

*Simonson & Cohen, P. C.,* for resignor.

*Robert H. Straus (Robert J. Saltzman* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

### OPINION OF THE COURT

Per Curiam.

Peter G. Smith has submitted an affidavit dated December 30, 1991, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Smith was admitted to the practice of law by the Appellate Division of the Supreme Court, Second Judicial Department, on February 6, 1980. He was suspended from the practice of law by decision

and order of this court dated July 16, 1991, until further order of the court, based on his failure to cooperate with the Grievance Committee in its investigation into allegations of professional misconduct.

Mr. Smith acknowledges that he is the subject of an investigation by the Grievance Committee for the Second and Eleventh Judicial Districts involving allegations of neglect, failure to cooperate, and conversion. Mr. Smith further states that he has no objection to the entry of an order pursuant to Judiciary Law § 90 (6-a) directing him to make restitution in the sum of $27,850 to Patricia and Nicholas Romolo.

Mr. Smith asserts that his resignation is freely and voluntarily tendered, and that he is not being subject to coercion or duress, and indicates that he is aware of the implications of submitting his resignation. He acknowledges that he could not successfully defend himself on the merits against any charges filed based upon these allegations of professional misconduct.

Under the circumstances, the resignation of Peter G. Smith as a member of the Bar is accepted and directed to be filed. Accordingly, Peter G. Smith is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and O'BRIEN, JJ., concur.

Ordered that the resignation of Peter G. Smith is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Peter G. Smith is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Peter G. Smith shall continue to comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, Peter G. Smith is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a) and (b), Peter G. Smith is directed to make restitution in the amount set forth to the following persons whose money or property was willfully misappropriated or misapplied, less the amount of any awards to those persons by the Lawyers' Fund for Client Protection arising out of said misappropriation or misapplication:

Patricia and Nicholas Romolo, $27,850; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to the persons whose money or property was willfully misappropriated or misapplied by him; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person or persons to whom payments are due hereunder in the amount set forth herein less any amount reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection in those instances where it has been subrogated to the rights of such person or persons.